IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:11CV111-RLV

| | |
|---|---|
| **RICKIE R. DANCY,** ) | |
|     **Plaintiff,** ) | |
| ) | |
|     vs. ) | **Memorandum & Opinion** |
| ) | |
| **COMMISSIONER of Social Security,** ) | |
|     **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on cross-motions for summary judgment. (Docs. 8, 12).

**I.**

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the aforesaid motions. In an opinion filed June 14, 2012, the Magistrate Judge opined that the Administrative Law Judge (ALJ)'s findings and determination as to Plaintiff's disability were *not* supported by substantial evidence and, therefore, failed to support the Commissioner's decision. (Doc. 14 / M & R). The Magistrate Judge determined that the ALJ failed to adequately evaluate the effect Plaintiff's obesity had on his residual functional capacity (or "RFC"). (M & R at 9-12). More specifically, the Magistrate Judge explained that "the ALJ has not provided enough information to show that he "meaningfully consider[ed] the effect of [Plaintiff's] obesity." (M & R at 12). As a result, the Magistrate Judge recommended that Plaintiff Dancy's motion be <u>denied in part</u> and <u>granted in part</u>; that Defendant's motion for summary judgment be <u>denied</u>; and that the Commissioner's determination that Plaintiff was not disabled during the relevant time period be <u>vacated</u>; and that

this matter be remanded for further consideration. (M & R at 13). On June 20, 2012, the Commissioner timely filed objections to the M & R. 28 U.S.C. § 636(b)(1)(c).

## II.

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Keeler v. Pea*, 782 F. Supp. 42, 43 (D.S.C. 1992). The statute does not require *de novo* review when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir.2005); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of the matters specifically raised in the Commissioner's Objections.

## III.

For purposes of this appeal, the relevant time period is from July 15, 2005, the alleged onset date, and December 31, 2008, Plaintiff's date last insured. (M & R, 3-4). As the M & R points out, substantial evidence supports the ALJ's determination that "[P]rior to the date last insured of December 31, 2008, the claimant's psychiatric condition was relatively stable." (Transcript of the Record of Proceedings ("Tr.") at 18). Additionally, the M & R's assessment that the ALJ conducted only "cursory analysis" of the impact of Plaintiff's obesity on her

functional capabilities finds support in the Administrative Record (M & R at 12). For example, the record's scant mentions of Plaintiff's obesity come almost exclusively in the form of physical evaluations conducted after the date last insured, and do not explicitly relate Plaintiff's obesity to exertional limits. (M & R at 64, 275, 700). As the ALJ minimally considered Plaintiff's obesity by itself, it follows that the obesity could not have been considered in combination with Plaintiff's mental impairment.

The Fourth Circuit has held it "axiomatic" that "disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). In recognizing this principle, the court has on numerous occasions held that in evaluating the effect of various impairments upon a disability benefit claimant, "[T]he Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." *Id.*

In its M & R response, Defendant contends that even if the ALJ's discussion of Plaintiff's obesity was inadequate, such error would be harmless and, alternatively, that the ALJ's RFC finding is consistent with the opinion of a treating physician who expressly considered Plaintiff's obesity in his assessment (Doc. 15; Tr. At 63, 65-65). Defendant's first argument does not contemplate the potential combined effect of Plaintiff's mental impairment and obesity. Any error in failing to consider Plaintiff's obesity, then, will not necessarily prove harmless to the extent that the obesity combines with Plaintiff's other conditions.

As for Defendant's second argument, Plaintiff is correct in pointing out that, regardless of the validity afforded to the treating physician's opinion, here, the ALJ did not cite to that opinion in his decision (Doc. 17). Accordingly, Defendant has not shown why the case should not

receive further review to consider, at a minimum, the effects of Plaintiff's impairments and, more aptly, the total combined effect of all of Plaintiff's ailments as they pertain to her status as potentially disabled. *See Reisenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985) (Remand is appropriate where an ALJ fails to provide adequate explanation to show that he has considered the combined effect of a claimant's impairments so as to allow proper judicial review.)

In conclusion, because the purpose of the remand in this case is to evaluate the *combined effect* of Plaintiff's mental impairment and obesity, consistent with the "mandate rule," the undersigned does *not* adopt the M & R to the extent it recommends limiting the scope of the Commissioner's authority on remand.[1]  "The mandate rule does not simply preclude a [lower court] from doing what a[ ] [higher court] has expressly forbidden it from doing . . . ." *Adkins v. Barnhart*, 351 F. Supp. 2d 505, 507-08 (W.D. Va. 2005) (quoting *S. Atl. Ltd. P'ship of Tenn., LP v. Riese*, 356 F.3d 576, 584 (4th Cir.2004)).  "Rather, it requires a lower court to implement the "letter and spirit" of a higher court's order and "tak[e] into account ... [the higher court's] opinion and the circumstances it embraces [.]"  *Adkins*, 351 F.Supp.2d at 507 (citing *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993)).  In other words, "[t]he rule forbids [] relitigation of issues either expressly or impliedly decided by a higher court." *Id.* (citing *Bell*, 5 F.3d at 66.)  In this case, the question of Plaintiff's eligibility for disability benefits is not yet decided.  For the reasons stated, the scope of this remand is for evaluation of the *combined effect* of Plaintiff's mental impairment and obesity.

---

[1] Although the mandate rule is most commonly applied between courts of different levels, it is also applicable to judicial review of administrative decisions. *See e.g., Adkins v. Barnhart*, 351 F. Supp. 2d 505, 507 (W.D. Va. 2005)  (citing *Rios–Pineda v. United States Dep't of Justice, Immigration & Naturalization Serv.*, 720 F.2d 529, 532–33 (8th Cir. 1983)).

**IV.**

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Doc. 8) is hereby **DENIED in part and GRANTED in part**; Defendant's Motion for Summary Judgment (Doc. 12) is likewise **DENIED**; and the Commissioner's denial of benefits **VACATED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for rehearing or any other administrative proceedings that may be appropriate.

Signed: June 14, 2013

Richard L. Voorhees
United States District Judge